UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HYUN HWA CHUNG, Plaintiff, v. SETERUS, INC.; QUALITY LOAN SERVICE CORP., Defendants. | Case No.: 17-cv-0541 BTM(KSC)<br><br>**ORDER GRANTING DEFENDANT SETERUS, INC.'S MOTION TO DISMISS**<br><br>**[ECF NO. 2]** |
|---|---|

Before the Court is Defendant Seterus, Inc.'s ("Seterus") Motion to Dismiss. (ECF No. 2.) For the reasons discussed below, Seterus's motion will be granted with leave to amend.

## I. BACKGROUND

On February 2, 2017, Plaintiff commenced this foreclosure relief action in state court. On March 17, 2017, Seterus removed the action on the basis of federal question jurisdiction.

Plaintiff alleges that on March 24, 2008, he obtained a residential loan secured by real property located at 11545 Caminito La Bar Unit 65, San Diego, CA 92126. (Compl. ¶¶ 1, 6.) The Complaint identifies Seterus as the alleged lender, and defendant Quality Loan Service Corp. as the alleged trustee. (Id. ¶¶ 2, 3.) Defendants thereafter recorded a notice of default indicating Plaintiff was in default

on the loan. (Id. ¶ 7.)

Plaintiff alleges material defects in the notice of default and underlying loan. He states claims against Defendants for violation of California Civil Code §§ 1572, 2923.5 and 2923.6, common law fraud, intentional misrepresentation, California Business & Professions Code § 17200, and the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and seeks damages, declaratory and injunctive relief.

On March 24, 2017, Seterus filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed.

## II. REQUEST FOR JUDICIAL NOTICE

Seterus has filed a request for judicial notice ("RJN") of five records filed with the San Diego County Recorder: the Notice of Default (Exhibit 1), Deed of Trust (Exhibit 2), Corporate Assignment of Deed of Trust (Exhibit 3), Assignment of Deed of Trust (Exhibit 4), and Notice of Trustee's Sale (Exhibit 5). Pursuant to Federal Rule of Evidence 201, a federal court may take judicial notice of documents incorporated by reference in the complaint as well as matters of public record. U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992); Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co., No. 09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *7-9 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of deed of trust, notice of default, and notice of trustee's sale as public records). Judicial notice of official records extends to the "existence of those matters of public record[, the] existence of a motion or of representations having been made therein," but does not encompass the veracity of disputed facts and opinions contained in such records. United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court grants the RJN, but the scope of judicial notice extends only to the existence of Exhibits 1 through 5, and not to the truth of any disputed facts they contain.

//
//

## III. **STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'—'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

A pro se plaintiff's pleadings are liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Under this District's Local Rules, failure to file an opposition "may constitute a consent to the granting of a motion …." CivLR 7.1.f.3.c. However, even when a motion is unopposed, the Court reviews it on the merits to determine if there is good cause to grant the motion. Fry v. Wachovia Mortg. FSB, No. 09cv2662 L(NLS), 2010 U.S Dist. LEXIS 95634, at *2 (S.D. Cal. Sept. 13, 2010).

## IV. DISCUSSION

Seterus seeks dismissal of the Complaint in its entirety for failure to state a claim. As discussed below, the Court concludes the motion should be granted.

### A. Plaintiff's Causes of Action for Common Law Fraud, Intentional Misrepresentation, and Violation of California Civil Code § 1572

Plaintiff's second cause of action for common law fraud, third cause of action for intentional misrepresentation, and fifth cause of action for violation of Civil Code § 1572 (defining "actual fraud"), all sound in fraud. In California, fraud claims have five elements: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003); City Solutions Inc. v. Clear Channel Communications, Inc., 365 F.3d 835, 839 (9th Cir. 2004).

The heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to fraud claims. See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007); Meridian Project Sys., Inc. v. Hardin Constr. Co., 404 F. Supp. 2d 1214, 1219 (E.D. Cal. 2005) ("It is well-settled in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s particularity requirement."). Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz, 476 F.3d at 764.

Seterus contends Plaintiff's fraud claims are not pled with sufficient specificity, and the Court agrees. The allegations of Plaintiff's Complaint, which are taken as true for purposes of this motion, identify Seterus as the lender that issued Plaintiff's residential mortgage and refer to Seterus as "LENDER" throughout. Compl. ¶ 2. Plaintiff's fraud claim asserts that the "LENDER"—meaning Seterus—was not the legal owner of the Note and Deed of Trust and therefore lacked standing to foreclose. Id. ¶¶ 27-30. However, Plaintiff also

4

alleges that Seterus ("LENDER") was the "only party entitled to enforce the Note and any security interest in it." Id. ¶ 33. Plaintiff's fraud claim thus simultaneously alleges that Seterus both possessed, and lacked, authority to foreclose. These contradictory positions fail to convey in a sufficiently coherent fashion the actual nature of Seterus's allegedly false representations.

Moreover, even if Plaintiff's allegations were not contradictory, his fraud claim would still fail. It relies on the theory that there was no assignment of the mortgage note to Defendants, that Defendants therefore lacked standing to initiate the foreclosure process, and the NOD and Notice of Sale fraudulently asserted otherwise. Compl. ¶¶ 25-42. However, courts have consistently held that borrowers lack standing to assert a claim that the wrong entity sought to foreclose on a note without the loan owner's consent, because they are not the party injured by the error. See, e.g., Neal v. Select Portfolio Servicing, Inc., No. 5:15-cv-03212-EJD, 2016 WL 48124, at *3 (N.D. Cal. Jan. 5, 2016) (citing, inter alia, Flores v. GMAC Mortg., LLC, 2013 WL 2049388, at *3 (N.D. Cal. May 14, 2013) ("[I]t would be the loan's owner, not plaintiffs, who was harmed by another party foreclosing on its loan without its consent.")); see In re Cedano, 470 B.R. 522, 530 (9th Cir. B.A.P. 2012) ("Under Cal. Civ. Code § 2924, the party initiating foreclosure proceedings is not required to have a beneficial or economic interest in the note in order to foreclose."). Plaintiff therefore cannot establish the necessary element that he was injured by the allegedly false assertion that Defendants were not authorized to initiate the foreclosure process.

To the extent Plaintiff contends the declaration of due diligence in the NOD was inaccurate, his scienter allegations are conclusory ("Defendants, and each of them, falsely represented that the Notice of Default was validly executed … [and] knew at the time they made these representations to Plaintiffs [*sic*] that they were untrue….") and thus lack the particularity required by Rule 9(b). See id. ¶¶ 36, 41.

Plaintiff's third cause of action for intentional misrepresentation and fifth

cause of action for violation § 1572 are also deficient. The third cause of action alleges the trustee executed a false Notice of Default, and that Seterus knew the trustee lacked authority to commence the foreclosure process. However, Plaintiff does not identify any representations by Seterus on which he allegedly relied. See id. ¶¶ 43-44. Plaintiff's fifth cause of action relies on generalized (and therefore insufficient under Rule 9(b)) allegations that Defendants made misrepresentations "with the intent to induce Plaintiff to obligate himself in reliance" and that "as a proximate result of Defendants, [*sic*] Plaintiff has suffered damage…." Id. ¶¶ 57, 60.

Accordingly, the Court will dismiss Plaintiff's second, third, and fifth causes of action for failure to state a claim.

B. Plaintiff's Cause of Action for Violation of California Civil Code § 2923.6

Plaintiff's fourth cause of action is for alleged violations of California Civil Code § 2923.6. Although unclear, it appears Plaintiff's claim is based on an asserted right to enforce his "willingness to execute a modification of their loan," an option that "was not explored with Plaintiffs [*sic*]." Compl. ¶ 51.

However, § 2923.6 does not support such a claim. Section 2923.6 provides, in pertinent part, that "[i]f a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c). Here, Plaintiff has not alleged he submitted an application for a loan modification, so he has not established that he is entitled to invoke the statutory protections of § 2923.6(c). See Penermon v. Wells Fargo Bank, N.A., 47 F. Supp. 3d 982, 998-99 (N.D. Cal. 2014) (dismissing claim under § 2923.6 where plaintiff failed to allege she submitted a complete loan modification application). Accordingly, this claim will be dismissed for failure to state a claim.

C. Plaintiff's Cause of Action for Violation of California Civil Code § 2923.5

California Civil Code § 2923.5 provides that a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default until, among other things, 30 days have passed since the mortgage servicer made initial contact with the borrower or satisfied the due diligence requirements set forth in the statutes. Cal. Civ. Code § 2923.5(a)(1)(A). During initial contact, the mortgage servicer must advise the borrower that he or she has the right to request a subsequent meeting (to occur within 14 days of the request), may assess the borrower's financial situation and discuss options (or may wait to do this until any subsequent meeting), and must provide the toll-free telephone number to find a HUD-certified housing counseling agency. Cal. Civ. Code § 2923.5(a)(2). But actual contact with the borrower is excused if the mortgage servicer acted with "due diligence," as defined by the statutes. Cal. Civ. Code § 2923.5(e).[1] Section 2923.5 additionally requires that the NOD include a declaration attesting that the contact or due diligence requirements were met. Cal. Civ. Code § 2923.5(b).

Plaintiff alleges Seterus violated § 2923.5 by failing to contact him, or use due diligence to contact him, at least 30 days before the NOD was filed. Compl. ¶¶ 14, 15. However, with regard to Defendants' purported failure to use due diligence, Plaintiff simply copies the due diligence statute into the Complaint and then alleges "The mortgagee, beneficiary, or authorized agent never complied with the provisions" of the statute. Compl. ¶ 15. Such allegations are too conclusory to satisfy Twombly/Iqbal pleading standards. Twombly, 550 U.S. at 555 ("A

---

[1] Among other things, due diligence requires the mortgage servicer to: (1) provide certain information on the homepage of its website, if any; (2) provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number; (3) send a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency; (4) attempt to contact the borrower by telephone at least three times at different hours and on different days (after the letter has been sent); and (5) send a certified letter that includes the toll-free telephone number to find a HUD-certified housing counseling agency if the borrower does not respond within two weeks after the telephone call requirements have been satisfied. Cal. Civ. Code § 2923.5(e).

plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Since § 2923.5(a)(1)(A) is violated only where the mortgage servicer fails to comply with both the contact and the due diligence requirements, Plaintiff's failure to sufficiently plead a due diligence violation necessitates dismissal of this aspect of his claim.[2]

Plaintiff also alleges the NOD is void because the due diligence declaration was not signed under penalty of perjury and failed to indicate the declarant had personal knowledge of its contents. Compl. ¶¶ 18-24. However, there is no requirement that the due diligence declaration be made under penalty of perjury, and its contents may simply "track the statute," which contains no personal knowledge provision. In re Cedano, 470 B.R. at 532 (citing Mabry v. Superior Court, 185 Cal. App. 4th 208, 233 (2010)). Accordingly, Plaintiff's allegations regarding purported flaws in the due diligence declaration fail to state a claim for violation of § 2923.5(b).

Finally, Plaintiff's claim includes a contention that Defendants violated Cal. Civ. Code § 2924 by failing to comply with its deadlines for mailing the NOD and publishing the Notice of Sale. Compl. ¶ 16. However, his allegations in this regard are made "on information and belief" and consist only of legal conclusions, see id., and thus fail Twombly/ Iqbal muster. Therefore, this aspect of the first claim will also be dismissed.

---

[2] Seterus submits a declaration with two letters attached, which it contends it sent to Plaintiff prior to recording the NOD, and which it contends show that contrary to Plaintiff's allegations, it complied with the due diligence requirements of § 2923.5(e). When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. See Fed. R. Civ. P. 12(b); Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998). Seterus contends the letters are judicially noticeable pursuant to the doctrine of incorporation by reference. However, contrary to Seterus's argument, Plaintiff's complaint alleges Plaintiff was never contacted, and that there was a failure of due diligence. Thus, the complaint does not refer to or otherwise incorporate Seterus's letters, and they are not subject to judicial notice. However, the Court need not, and does not, consider converting the motion into one for summary judgment, since the Court finds Plaintiff's allegations insufficient to show a violation of § 2923.5 even without considering Seterus's evidence.

In sum, Plaintiff's first cause of action will be dismissed, because none of its supporting allegations are sufficient to state a claim on which relief can be granted.

### D. Plaintiff's Cause of Action for Violation of the Federal Truth in Lending Act

Plaintiff's seventh cause of action for violation of the TILA, 15 U.S.C. § 1601 et seq., is based on the allegation that Defendants failed to disclose certain finance charges in his mortgage, which was issued on March 24, 2008. Compl. ¶¶ 6, 66-71. Seterus contends that this claim, as currently pled, violates the one-year statute of limitations applicable to TILA claims, and the Court agrees.

A claim barred by the statute of limitations may be dismissed under Rule 12(b)(6) where running of the statute apparent on the face of the complaint. Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006). "[T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but … the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). Based on the allegations of the Complaint, the statute of limitations on his TILA claim ran on March 24, 2009. Plaintiff has not alleged facts showing delayed discovery or otherwise supporting equitable tolling. His cause of action pursuant to the TILA will therefore be dismissed.

### E. Plaintiff's Cause of Action for Violation of Cal. Bus. & Prof. Code § 17200

Plaintiff's claim for violation of Cal. Bus. & Prof. Code § 17200 is premised on his theories regarding Defendants' violation of Cal. Civ. Code § 2923.5, 2924, fraud, and violation of the TILA, which fail for the reasons discussed above. Accordingly, this claim is also dismissed for failure to state a claim.

//
//
//

9
17-cv-0541 BTM(KSC)

## IV. CONCLUSION AND ORDER

For the reasons discussed above, Seterus's motion to dismiss is GRANTED. Plaintiff's Complaint is dismissed in its entirety for failure to state a claim.[3] The Court grants Plaintiff leave to file an amended complaint. Any amended complaint must be filed no later than September 15, 2017. Failure to file an amended complaint by the foregoing deadline will result in the closing of this case.

IT IS SO ORDERED.

Dated: August 18, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court

---

[3] It is unclear whether defendant Quality Loan Service Corp. has been served with the complaint, because no proof of service has been filed and it has not made an appearance or filed a response to the Complaint. However, the reasons for dismissing the Complaint against Seterus apply equally to Quality Loan Service Corp.